ORAL ARGUMENT NOT YET SCHEDULED

# UNITED STATES COURT OF APPEALS
# DISTRICT OF COLUMBIA CIRCUIT

|  |  |
|---|---|
| AMERICAN LUNG ASSOCIATION, *et al.*, <br><br> *Petitioners*, <br><br> v. <br><br> ENVIRONMENTAL PROTECTION AGENCY, *et al.*, <br><br> *Respondents*. | No. 19-1140 <br> and consolidated cases |

## EPA'S MOTION TO EXPEDITE

Respondent United States Environmental Protection Agency ("EPA") respectfully requests that the Court expedite this matter, and any cases subsequently consolidated with this matter, by entering the schedule set forth below. Courts shall expedite the consideration of any action for good cause shown. 28 U.S.C. § 1657(a).[1]

EPA has consulted with Petitioners, who represent that they oppose this motion. EPA has also consulted with the movant-intervenors, all fourteen of which represent that they support the relief requested in this motion.

---

[1] This Court's handbook notes that granting expedition, although rare, is proper in cases in which the "public generally, or . . . persons not before the Court have an unusual interest in prompt disposition," and there are "strongly compelling" reasons for expedition. D.C. Cir. Handbook at 33. EPA respectfully submits that the interest in prompt resolution of this case is high, for the reasons stated below.

This case involves a petition to review EPA's final action, "Repeal of the Clean Power Plan; Emission Guidelines for Greenhouse Gas Emissions from Existing Electric Utility Generating Units; Revisions to Emission Guidelines Implementing Regulations" (the "ACE Rule"). Publication of the ACE Rule in the Federal Register occurred on July 8, 2019. 84 Fed. Reg. 32,520.

The ACE Rule finalized three separate and distinct rulemakings. First, EPA repealed the Clean Power Plan, in which EPA promulgated Clean Air Act ("CAA") section 111(d) emission guidelines for states to follow in developing plans to reduce greenhouse gas emissions from power plants. 80 Fed. Reg. 64,662 (Oct. 23, 2015) (the "Clean Power Plan"). Second, EPA finalized replacement emission guidelines for states to use when developing plans, premised on an alternative regulatory approach to that set forth in the Clean Power Plan. Third, EPA finalized new regulations for EPA and state implementation of those guidelines and any future emissions guidelines issued under CAA section 111(d).

Challenges to the ACE Rule should be expeditiously resolved, for several reasons. First, the ACE Rule bears on an issue of national importance, including both environmental concerns and the appropriate regulation of a significant sector of the economy. As the considerable number of parties already involved in this litigation

reflects, EPA's regulation of greenhouse gas emissions from power plants remains a matter of intense public interest.[2]

In addition to bearing on issues of national importance, this litigation marks the continuation of a dispute over the appropriate form of regulation of such emissions that has been left unresolved for many years already. The Clean Power Plan was initially proposed on June 2, 2014, and that rule was finalized and published in the Federal Register on October 23, 2015. *See* Clean Power Plan at 64,707. Numerous parties petitioned for review in *West Virginia v. EPA*, No. 15-1363 (D.C. Cir.), and

---

[2] Petitions have already been filed challenging the ACE Rule by public health groups, a consortium of 22 states and seven municipalities, and environmental groups. Specifically, the Petitioners are: the American Lung Association, the American Public Health Association, State of New York, State of California, State of Colorado, State of Connecticut, State of Delaware, State of Hawaii, State of Illinois, State of Maine, State of Maryland, Commonwealth of Massachusetts, People of the State of Michigan, State of Minnesota, State of New Jersey, State of New Mexico, State of North Carolina, State of Oregon, Commonwealth of Pennsylvania, State of Rhode Island, State of Vermont, Commonwealth of Virginia, State of Washington, State of Wisconsin, District of Columbia, City of Boulder (CO), City of Chicago, City of Los Angeles, City of New York, City of Philadelphia, and the City of South Miami (FL), the Appalachian Mountain Club, the Center for Biological Diversity, the Clean Air Council, Clean Wisconsin, the Conservation Law Foundation, the Environmental Defense Fund, the Environmental Law and Policy Center, the Minnesota Center for Environmental Advocacy, the Natural Resources Defense Council, and Sierra Club.

Movant-intervenors to date are the National Rural Electric Cooperative Association, the Chamber of Commerce of the United States of America, the National Mining Association, America's Power, Westmoreland Mining Holdings LLC, Murray Energy Corporation, Appalachian Power Company, Indiana Michigan Power Company, Kentucky Power Company, the Public Service Company of Oklahoma, Southwestern Electric Power Company, AEP Generating Company, AEP Generation Resources Inc., and Wheeling Power Company. Additionally, other parties may yet file petitions before the September 6, 2019, deadline to do so.

consolidated cases. The Supreme Court entered a stay of the rule on February 9, 2016, which was followed by full briefing and argument before an initial *en banc* panel of this Court on September 27, 2016. After the President, on March 28, 2017, issued an Executive Order directing EPA to review the Clean Power Plan, this Court, on EPA's motion, then appropriately held *West Virginia* in abeyance for over two years, as EPA worked expeditiously to review the CPP, develop new regulatory proposals, and conclude notice-and-comment rulemaking.[3]

With the publication of the ACE Rule, including the repeal of the Clean Power Plan, EPA's regulation of greenhouse gases from existing power plants is again subject to challenge. The expedited resolution of this litigation would provide certainty to the states, regulated utilities, electricity rate payers around the country, and other affected stakeholders as to the scope of EPA's authority under the statute and the validity of the new regulations promulgated thereunder. This is a compelling interest in the context of this case, given the significance of the ACE Rule and the above history.

Although Petitioners have not consented to this motion, expediting this case would appear to serve Petitioners' interests. Notably, in *West Virginia*, many of the

---

[3] *See West Virginia*, No. 15-1363, April 28, 2017 (Doc. No. 1673071); August 8, 2017 Order (Doc. No. 1687838); November 9, 2017 Order (Doc. No. 1703889); March 1, 2018 Order (Doc. No. 1720228); June 26, 2018 Order (Doc. No. 1737735); December 21, 2018 Order (Doc. No. 1765562); April 5, 2019 Order (Doc. No. 1781428).

Petitioners argued that expeditious resolution was appropriate to resolve the lawfulness of the Clean Power Plan. *See, e.g.*, Response Opposing Requests for Further Abeyance, *West Virginia*, No. 15-1363, Doc. No. 1748706 (D.C. Cir. Sept. 4, 2018). In doing so, they highlighted that EPA's authority to regulate greenhouse gases had been established in 2007, and its authority to regulate carbon emissions from existing power plants was established in 2011, urging that prompt judicial review of EPA's regulatory approach was critical. *Id.* at 3. Now that EPA has concluded the rulemaking process, the same logic applies here. EPA expects that Petitioners will argue that EPA's approach in the ACE Rule is unlawful and that EPA must take a different approach and do so on an urgent basis; prompt judicial review will facilitate disposition of that argument.

Accordingly, EPA respectfully requests that the Court expedite this case by entering the following schedule, which is keyed to the September 6, 2019 jurisdictional deadline for the filing of petitions for review of the ACE Rule, 60 days after publication in the Federal Register, pursuant to 42 U.S.C. § 7607(b)(1):

| | |
|---|---|
| October 7, 2019 | Certificate as to parties, rulings, and related cases; docketing statement form; statement of intent to utilize deferred joint appendix; statement of issues to be raised; underlying decision from which appeal or petition arises. |
| October 14, 2019 | Deadline to file proposed briefing formats. |
| December 5, 2019 | Deadline for Petitioners' opening brief(s). |
| January 27, 2020 | Deadline for Respondents' response brief. |

| | |
|---|---|
| February 6, 2020 | Deadline for Respondent-Intervenors' brief(s). |
| February 20, 2020 | Deadline for Petitioners' reply brief(s). |
| February 27, 2020 | Deadline for the submission of the deferred joint appendix (if applicable). |
| March 5, 2020 | Deadline for final briefs (if applicable). |

This schedule is efficient and would allow for oral argument as early as April of 2020, while providing the parties adequate time to prepare their briefs in this complex matter. EPA calculated this proposed schedule by providing Petitioners and Respondents 45 days from the date of submission of proposed briefing formats—more than the standard 30 days, but substantially less than the 90 days sometimes allowed in consolidated petitions for review—to prepare their principal briefs. EPA then added a week to the schedule for each side because briefing intervals fell over major holidays. We note that, under this proposal, Petitioners will as a practical matter have far more than 52 days to prepare their opening briefs, given that they can begin that process immediately.

In order to facilitate entry of this schedule, EPA filed the certified index of the administrative record on August 23, 2019.

EPA respectfully requests that the Court enter the above schedule, and that, following the completion of briefing, this case be scheduled for oral argument in April of 2020.

Respectfully submitted,

JEFFREY BOSSERT CLARK
Assistant Attorney General

JONATHAN D. BRIGHTBILL
Principal Deputy Assistant Attorney General

Dated: August 28, 2019

/s/ Benjamin Carlisle
BENJAMIN CARLISLE
MEGHAN GREENFIELD
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Phone: (202) 514-9771
Email: benjamin.carlisle@usdoj.gov

*Counsel for Respondent Environmental Protection Agency and Andrew Wheeler, Administrator*

*OF COUNSEL*
Matthew Z. Leopold
Justin Schwab
Matthew C. Marks
Abirami Vijayan
Scott J. Jordan

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 27(d), I hereby certify that the foregoing complies with the type-volume limitation because it contains 1,430 words, according to the count of Microsoft Word.

## CERTIFICATE OF SERVICE

I hereby certify, pursuant to Fed. R. App. P. 25(c), that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter, who are registered with the Court's CM/ECF system.

/s/ Benjamin Carlisle
Benjamin Carlisle
