ORAL ARGUMENT OCCURRED OCTOBER 8, 2020
JUDGMENT AND OPINION ISSUED JANUARY 19, 2021

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |
|---|---|
| AMERICAN LUNG ASSOCIATION, ET AL., *Petitioners,* v. ENVIRONMENTAL PROTECTION AGENCY, *Respondent.* | No. 19-1140 and consolidated cases |

**STATE OF NORTH DAKOTA'S MOTION TO GOVERN**

The State of North Dakota ("North Dakota") respectfully submits the following motion to govern proceedings.

1. North Dakota, as an Intervenor for Respondent in this action, submits this separate Motion to Govern for the sole purpose of clarifying the mandate that should be issued by the Court.

2. North Dakota does not object to any of the actions the joint parties request that the Court take with respect to the issuance of the mandate in their separate Joint Motion to Govern (Doc. No. 1967282).

3. North Dakota makes this separate Motion to request that the Court clarify in its issuance of the mandate that the Affordable Clean Energy Rule ("ACE Rule") and the Clean Power Plan Repeal Rule ("CPP Repeal Rule") are and remain in effect.

4. While such a clarification might not typically be necessary, the unusual history and circumstances of this case necessitate such a clarification.

5. This Court's January 21, 2021 decision did not specifically address whether the CPP should be reinstated upon vacatur of the CPP Repeal Rule. *See id.* On February 12, 2021, EPA filed a motion for partial stay of the issuance of the mandate with respect to the vacatur of the CPP Repeal Rule until EPA responded to the Court's remand in a new rulemaking action. Doc. Id. No. 1885168. The Court granted EPA's motion for a partial stay of the mandate on February 22, 2021, thus leaving the CPP Repeal Rule in effect pending EPA's planned rulemaking. Order, Doc. Id. No. 1886386.

6. On June 18, 2021 the State of North Dakota filed a petition for certiorari, as did the other State-respondent-intervenors, industry-respondent-intervenors, and the North American Coal Corporation, on

separate dates.[1] Reflecting the uncertainty over the status of the disputed regulations due to EPA's plans to initiate a new rulemaking, EPA opposed the petitions in part on the grounds of mootness, arguing that it had no intention of enforcing the CPP prior to promulgating a new rule. *West Virginia et al. v. EPA et al.*, 142 S. Ct. 2587, 2606-2607 (2022).

7. On June 30, 2022, the Supreme Court issued its decision. Doc. Id. No. 1953093, and on August 1, 2022, the Supreme Court issued an order that, in relevant part, provided: "it is ordered and adjudged by this Court that the judgments of the U.S. Court of Appeals for the District of Columbia Circuit are reversed with costs, and the cases are remanded . . . for further proceedings consistent with the opinion of this Court." Doc. Id. No. 1957250. In so doing, the Supreme Court also rejected the mootness argument, noting that EPA's "voluntary cessation" (i.e., EPA's stated intention to not enforce the CPP) was insufficient to moot the case. *West Virginia et al. v. EPA et al.*, 142 S. Ct. at 2607.

---

[1] North Dakota's and the other petitions were granted by the Supreme Court on October 29, 2021. *See West Virginia et al. v. EPA et al.*, Case Nos. 20-1530, 20-1531, 20-1778, 20-1780

3

8. The Supreme Court's decision and order, which reversed this Court's judgments which had vacated the ACE Rule and CPP Repeal Rule, thus reinstated the ACE Rule and CPP Repeal Rule.

9. As the joint parties recognize in their Motion to Govern, this Court's January 2021 decision did not address all of the petitioners' arguments challenging the ACE Rule and CPP Repeal Rule. Nor did the Supreme Court's opinion resolve all of the petitioners' arguments in this Court challenging the ACE Rule and CPP Repeal Rule. These challenges still remain, as the ACE Rule and CPP Repeal Rule are now in effect.

10. Nonetheless, "given that EPA is presently undertaking a rulemaking process to replace the ACE Rule with a new rule governing greenhouse gas emissions from fossil-fuel fired power plants," the joint parties have requested that "the pending challenges to the ACE Rule should be placed in abeyance pending completion of that process." Doc. No. 1967282 at ¶ 9. The joint parties make this request because "it is expected that EPA will issue a proposed rule by March 2023." *Id.*

11. This request, along with the history in this matter that includes disputes and uncertainties as to which portions of the various

4

challenged rules were or were not in effect, underscores the need for this Court's mandate to specifically clarify the status of the ACE Rule and CPP Repeal. This need for clarification is amplified by EPA's refusal to include in the Joint Motion a request that this Court include in its mandate a simple statement that the ACE Rule and CPP Repeal Rule are in effect, suggesting that what might appear to be self-evident is not so clear to all the parties. Any new rulemaking by the EPA must be completed in the context of what current Clean Air Act Section 111 rule is effective. Since the ACE Rule and CPP Repeal are in effect, EPA must first repeal those rules in any future rulemaking and provide a reasoned justification from departing from those existing rules. *See F.C.C. v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009)

12. Therefore, given the past uncertainties and disputes regarding the status of these regulations, EPA's decision to oppose the inclusion of any language clarifying the status of the ACE Rule and CPP Rule, and the prospect of an additional future EPA rulemaking, North Dakota respectfully requests that the Court include its mandate an affirmative statement that, in accordance with the Supreme Court's order, the ACE Rule and CPP Repeal Rule are and remain in effect.

5

Dated: October 3, 2022.

Respectfully submitted,

DREW H. WRIGLEY
    *Attorney General*
STATE OF NORTH DAKOTA

*/s/ Paul M. Seby*

PAUL M. SEBY
    *Special Assistant Attorney General*
GREENBERG TRAURIG, LLP
1144 15th Street
Suite 3300
Denver, CO 8020
Telephone: (303) 572-650
Facsimile:  (303) 572-6540
Email: sebyp@gtlaw.com

MARGARET OLSON
    *Assistant Attorney General*
NORTH DAKOTA OFFICE OF
ATTORNEY GENERAL
600 E. Boulevard Avenue #125
Bismark, ND 58505
Telephone: (701) 328-3640
Email: ndag@nd.gov

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that the foregoing complies with this Court's September 19, 2022 Order because it contains 927 words.

*/s/ Paul M. Seby*

Paul M. Seby

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was served on October 3, 2022, through the ECF filing system and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing.

*/s/ Paul M. Seby*

Paul M. Seby