# UNITED STATES COURT OF APPEALS
## DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| AMERICAN LUNG ASSOCIATION, *et al.*, ) <br> ) <br> *Petitioners*, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES ENVIRONMENTAL ) <br> PROTECTION AGENCY, *et al.*, ) <br> ) <br> *Respondents*. ) <br> ) | No. 19-1140 and consolidated cases |

## **MOTION SEEKING EXTENSION OF ABEYANCE**

Petitioner American Lung Association (Case No. 19-1400), respectfully requests that the Court continue to hold this case in abeyance until the resolution of the petitions for review in *West Virginia, et al. v. EPA*, No. 24-1120 (D.C. Cir. filed May 9, 2024) (and consolidated cases). Counsel for Petitioner American Lung Association has reached out to the lead counsel for all Petitioners, Respondent, and Respondent-Intervenors, and no other party has indicated opposition to this request, nor has any other party indicated that they will file a separate Motion to Govern, as set forth below.

1. Petitioners in the above-captioned case sought judicial review of three rules promulgated by the U.S. Environmental Protection Agency (EPA): the Clean Power Plan (CPP) Repeal Rule; the Affordable Clean Energy (ACE) Rule which

established emissions guidelines for existing coal-fired power plants under the Clean Air Act, 42 U.S.C. §7411(d); and updated regulations for implementation of emissions guidelines under section 7411(d). *See* 84 Fed. Reg. 32,520 (July 8, 2019).

2. On January 19, 2021, this Court issued its decision vacating the CPP Repeal Rule, the ACE Rule, and the timing provisions within the implementing regulations. *See American Lung Ass'n v. EPA*, 985 F.3d 914 (D.C. Cir. Jan. 19, 2021), Doc. Id. No. 1880546.

3. The Supreme Court granted certiorari and issued its decision on June 30, 2022, and its judgment on August 1, 2022. *West Virginia v. EPA,* 597 U.S. 697 (2022).

4. The Supreme Court's decision left certain legal and factual issues related to the ACE Rule unresolved. This Court's January 2021 decision also did not address all of petitioners' arguments challenging the ACE Rule.

5. The parties filed motions to govern the outstanding portions of this case at this Court's request, and on October 27, 2022, Doc. Id. No. 1970895, the Court granted the joint motion to govern filed by EPA, and held the remaining challenges to the ACE Rule in abeyance pending completion of a rulemaking by EPA that, among other things, would replace the ACE Rule with a new rule governing greenhouse gas emissions from fossil fuel-fired power plants.

6.      Pursuant to the Court's October 27, 2022 order, EPA on May 13, 2024 filed a Status Report, Doc. Id. No. 2053996, indicating that the EPA Administrator had signed a final rule entitled "New Source Performance Standards for Greenhouse Gas Emissions from New, Modified, and Reconstructed Fossil Fuel-Fired Electric Generating Units; Emissions Guidelines for Greenhouse Gas Emissions from Existing Fossil Fuel-Fired Electric Generating Units; and Repeal of the Affordable Clean Energy Rule" (2024 Power Plant Rule). The rule was published in the Federal Register on May 9, 2024, 89 Fed. Reg. 39,798, and petitions for review of that action were immediately filed and consolidated under *West Virginia, et al. v. EPA,* No. 24-1120 (D.C. Cir. filed May 9, 2024). Several motions for judicial stay of the 2024 Power Plant Rule also have been filed in that case, and are currently in briefing.

7.      The deadline for petitions challenging the 2024 Power Plant Rule is 60 days from the date of the rule's publication, 42 U.S.C.§ 7607(b)(1), or by July 8, 2024. As of the date of this filing, issues statements in *West Virginia, et al. v. EPA* are not due until at the earliest, June 10, 2024, and additional issues statements may be filed into late July as a result of additional petitions for review filed up until the July 8, 2024 statutory deadline for review. Therefore it is not possible at this time to confirm whether any of the challenges to the 2024 Power

Plant Rule will include challenges to the portion of that rule repealing the ACE Rule.

8. Extending the abeyance of the outstanding portions of Case No. 19-1140 as requested will promote judicial economy by avoiding unnecessary adjudication of issues and claims that may become moot after resolution of the *West Virginia, et al. v. EPA* petitions.

9. It would be in the interests of judicial economy, and of the orderly disposition of related cases before this Court, for the Court to continue to hold remaining issues in Case No. 19-1140 in abeyance pending the resolution of *West Virginia, et al. v. EPA*, Case No. 24-1120 (D.C. Cir.) (and consolidated cases).

10. Counsel for Petitioner American Lung Association has reached out to lead counsel for all other parties, seeking a position on this Motion to Govern. As of the date and time of this filing, no party has expressed opposition to continued abeyance, nor does any party plan to file a separate Motion to Govern, as more specifically described below.

11. Lead counsel for Environmental and Public Health Petitioners (Nos. 19-1166 and 19-1173), lead counsel for Robinson Enterprises Inc., et al. (No. 19-1175), lead counsel for Biogenic CO2 Coalition (No. 19-1185), and lead counsel for Clean Industry Petitioners (Nos. 19-1186, 19-1187, and 19-1188) have stated

that they do not oppose continued abeyance, and do not intend to file separate Motions to Govern.

12. Lead counsel for Petitioner North American Coal Corporation (No. 19-1179) have stated they do not oppose the motion. Lead counsel for Petitioner Westmoreland Mining Holdings LLC (No. 19-1176) was contacted, but as of the time of this filling, has not confirmed a position.

13. Lead counsel for State and Local Government Petitioners (Nos. 19-1165, 19-1177, and 19-1189) have stated that they do not oppose continued abeyance, and do not intend to file separate Motions to Govern.

14. Counsel for Respondent EPA has stated that it will not oppose continued abeyance, and does not intend to file a separate Motion to Govern.

15. Counsel for Intervenor Respondents have been contacted, and as of the time of this filing, no one has indicated intention to oppose the motion for continued abeyance.

Petitioner American Lung Association accordingly requests that the Court extend the abeyance of this matter until the petitions for review in *West Virginia, et al. v. EPA.*, No. 24-1120 (D.C. Cir. filed May 9, 2024) (and consolidated cases). are fully resolved.

Respectfully submitted,

/s/ Ann Brewster Weeks
ANN BREWSTER WEEKS
Clean Air Task Force
114 State Street, 6th floor
Boston, MA 02109
Phone: (617) 359-4077
Email: aweeks@catf.us

*Counsel for Petitioner American Lung Association*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 27(d), I hereby certify that the foregoing complies with the type-volume limitation set forth in the Court's May 16, 2024 Order, because it contains [1000] words, according to the count of Microsoft Word.

/s/ Ann Brewster Weeks
ANN BREWSTER WEEKS

## CERTIFICATE OF SERVICE

I hereby certify, pursuant to Fed. R. App. P. 25(c), that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter, who are registered with the Court's CM/ECF system.

/s/ Ann Brewster Weeks<br>
ANN BREWSTER WEEKS